```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
CORNING DATA SERVICES, INC.,

                         Plaintiff,           07-CV-6201

           v.                                 DECISION
                                              and ORDER
ALLEN KERMICK,


                         Defendant.
_____
```

## INTRODUCTION

Plaintiff Corning Data Services, Inc. ("Corning") brings this action pursuant to diversity jurisdiction against Defendant Allen Kermick ("Kermick"), its former employee, seeking damages for lost profits, restitution of salary, expense reimbursements and cost of the use of company assets and equipment. Specifically, Corning alleges that there was a "double-breach" of the duty of loyalty owed to it by Kermick, and that while he was earning his $105,000 per year salary as a Solutions Consultant for Corning, Kermick was also working on behalf of at least one of Corning's competitors.

On May 31, 2007, Kermick filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1), or in the alternative, because of improper venue, to transfer the action to the United States District Court for the District of New Hampshire. Kermick alleged that the amount in controversy requirement under 28 U.S.C. § 1332 was not

satisfied and diversity jurisdiction was lacking in this District. Corning filed a timely memorandum in opposition to Kermick's motion. For the reasons set forth below, I hereby deny Kermick's motion to dismiss for lack of subject matter jurisdiction, and deny his request to transfer this action to the United States District Court for the District of New Hampshire.

## BACKGROUND

Corning is a New York corporation headquartered in Corning, New York. On June 5, 2006, Corning employed Kermick as a "Solutions Consultant" responsible for marketing and promoting Corning's products and services to existing and potential customers. In exchange for these and other services, Corning agreed to pay Kermick an annual salary of $105,000. Kermick was to also receive additional benefits such as reimbursement for business and travel expenses, 15 days of Paid Time Off upon hire, and other valuable, company-paid benefits. Kermick has lived and worked in New Hampshire for many years, including the period during which he was employed by Corning. Kermick submitted his travel expenses, work expenses, and time records to Corning's New York headquarters on a weekly basis for processing.

Kermick prepared his work presentations from his home in New Hampshire and maintained telephone and electronic communications with his supervisor, Dave Linderman, Corning's HR and technical support personnel, and other Corning managers, all of whom were in

New York. There is a dispute as to how many times Kermick was actually in New York during the 9 months that he was employed by Corning. Corning alleges that Kermick was in New York no less than six times whereas Kermick alleges that he was there only on two occasions.

Corning alleges that in January 2007, Kermick became an employee of Whitebread Technologies ("Whitebread") and failed to notify Corning of his new employment until March 9, 2007. On March 9, 2007, Kermick sent an email to Linderman giving two weeks' notice of his intent to resign from employment with Corning. Kermick's resignation was effective on March 15, 2007.

Corning brought this action on April 18, 2007, alleging that Kermick violated his Employment Agreement and his fiduciary duties to Corning by working for Whitebread before his employment had ended with Corning. Specifically, Corning alleges that there was a six-week overlap of Kermick's employment with Whitebread working for Corning.

**DISCUSSION**

**I.   Kermick's Motion to Dismiss**

Rule 12(b) of the Federal Rules of Civil Procedure provides that every defense, in law or fact, to a claim of relief in any pleading, whether a claim or counterclaim can be asserted in a responsive pleading. Rule 12(b)(1) provides that a pleader can make a defensive motion for lack of jurisdiction over the subject

matter, in place of a responsive pleading. "[F]ederal Courts are courts of limited jurisdiction" Delaware v. Van Arsdall, 475 U.S. 673, 692 (1986), and under the realm of subject matter jurisdiction, the Federal Courts have two types of jurisdictions authorized by Congress and the Constitution: federal question jurisdiction and diversity jurisdiction.

Under federal question jurisdiction, Federal Courts are authorized to hear disputes that arise pursuant to a federal law. 28 U.S.C. § 1331. Under diversity jurisdiction, Federal Courts are authorized to hear disputes between citizens of different states, provided the amount in controversy is greater than $75,000. 28 U.S.C. § 1332. In the instant case, Kermick brings a motion to dismiss pursuant to Rule 12(b)(1) claiming this Court's lack of diversity jurisdiction.

## II. Subject matter jurisdiction exists because the amount in controversy exceeds $75,000.

A district court has original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(1). The party invoking federal jurisdiction has the burden of proving to a "reasonable probability" that the claim exceeds the statutory jurisdictional amount. Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000).[1] The "reasonable probability"

---

[1] Kermick incorrectly relies on cases discussing the standard for federal question jurisdiction under § 1331 instead of diversity jurisdiction under § 1332.

standard "is easily met." <u>Borumand v. Assar</u>, 2005 WL 741786 at *7 (W.D.N.Y. Mar. 31, 2005). Additionally, "there exists a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." <u>Id.</u> To defeat the plaintiff's good faith pleading of damages, the defendant has to establish "to a legal certainty" that the plaintiff cannot under any circumstances recover more than the statutory jurisdictional amount of $75,000. <u>Id.</u>

In its complaint Corning makes various claims for damages, including a claim for breach of a $105,000-per-year employment contract, expenses and other benefits paid to Kermick, lost profits and opportunities for profit resulting from Kermick's breach of fiduciary duty, breach of the duty of loyalty, fraud, and tortious interference with prospective business advantage. Specifically, Corning's complaint seeks damages of $100,000 as restitution for salary, expense reimbursements, costs of the use of company assets and equipment, and other benefits paid to Kermick. The complaint also seeks $100,000 in damages for lost business profits.

In addition, Corning's allegations supporting its claim for damages not only arise during the six-week period in which Kermick was employed by both Corning and Whitebread, but also during Kermick's entire employment period with Corning. Corning believes that Kermick's breach of his fiduciary duties commenced as early as July 2006. Even though, Kermick claims that Corning's damages do

not have adequate evidentiary support, the Second Circuit has held that, "dismissal of a complaint on jurisdictional grounds is not warranted even where [the] allegations leave grave doubt about the likelihood of a recovery of the requisite amount." Id.

I find that Corning's complaint establishes its good faith basis for seeking damages in excess of $75,000. Corning has satisfied its burden of proving to a "reasonable probability" that its claim exceeds the statutory jurisdictional amount. Further, Kermick has failed to establish by a "legal certainty" that Corning cannot recover damages in excess of $75,000 against him. Therefore, Kermick's motion to dismiss for lack of diversity subject matter jurisdiction is denied.

### III. **Venue is proper in this district. There is no basis for transferring this action to the District Court for the District of New Hampshire**.

Kermick argues that if his motion to dismiss for lack of diversity jurisdiction is denied, this Court should transfer his case to the District Court of New Hampshire, because of improper venue. The venue statute applicable to a claim of diversity jurisdiction is 28 U.S.C. § 1391(a), which provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in:
>     (1) a judicial district where any defendant resides, if all defendants reside in the same State,
>     (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or substantial part of property that is the subject of the action is situated, or
>         (3) a judicial district in which any defendant is

>   subject to personal jurisdiction at the time the action
>   is commenced, if there is no district in which the action
>   may otherwise be brought.

28 U.S.C. § 1391(a). Moreover, when venue is challenged, the burden is upon the plaintiff to show that the venue is proper. <u>Schomann Int'l Corp. v. Northern Wireless, Ltd.</u>, 35 F. Supp. 2d 205, 212 (N.D.N.Y. 1999). To satisfy its burden, "a plaintiff does not have to prove that his or her chosen venue is the best forum for the action, a plaintiff need only demonstrate that the choice is a permissible one." <u>Reynolds Corp. v. Nat'l Operator Servs., Inc.</u>, 73 F. Supp. 2d 299, 306 (W.D.N.Y. 1999).

Kermick voluntarily and knowingly entered into contract negotiations with Corning and signed a contract which specifically provided that Kermick was subject to the laws of New York. Further, Kermick executed his employment contract while physically present in New York and was supervised by, and reported to, Linderman, who resides in Corning, New York. Moreover, Kermick received paychecks, work assignments, and travel plans from Corning, New York and sent his expense slips to a location within New York.

Kermick's signing of his employment contract does not classify as an activity giving rise to the claim, however along with Kermick's other ties to New York, it can be established that a substantial part of the events giving rise to Corning's claim occurred in Corning, New York. Further, a defendant must provide a "strong showing in favor of a transfer." <u>Mpower Comm. Corp. v.</u>

Viopled.com, Inc., 73 F. Supp. 2d 473, 474 (W.D.N.Y. 2004). A strong showing would include "an affidavit containing detailed factual statements explaining why the transferee forum was inconvenient, including the potential principal witnesses expected to be called and general statement of the substance of their testimony." Id. at 475.

Kermick has not made the "strong showing" required to overcome Corning's choice of forum. Kermick submitted only his own affidavit in support of his motion to transfer venue which was unpersuasive in establishing a basis for change of venue. I therefore find that the Western District of New York is the proper federal venue for this action and deny Kermick's request to transfer this case to the District of New Hampshire.

**CONCLUSION**

For the reasons set forth above, Kermick's motion to dismiss for lack of subject matter jurisdiction, and his request to transfer this action to the United States District Court for the District of New Hampshire are denied.

ALL OF THE ABOVE IS SO ORDERED.

                                            s/Michael A. Telesca
                                              MICHAEL A. TELESCA
                                      United States District Judge

Dated:   Rochester, New York
        July 18, 2007